UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

    *Plaintiff*,                  CASE NO: 10-20350

v.                                  DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE CHARLES E. BINDER

RUTH ANN BUCK,

    *Defendant*.
_____/

**ORDER ON DEFENDANT'S MOTION TO STRIKE SURPLUSAGE**
(Doc. 18)

> This Order is entered under the authority given to this Magistrate Judge by an Order of Reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.  Procedural Background and Argument of the Parties**

Arguing that they are surplusage and unduly prejudicial, Defendant seeks to have the following two sentences removed from the general allegation portion of the Indictment:

> These and other similar illegal controlled substance distributions too numerous to list were accomplished by the writing of prescriptions. From January 2006, until 2009, defendant prescribed approximately 712,395 dosage units of Vicodin . . .

(Doc. 1 ¶ 3.) The government has filed a response opposing the motion. (Doc. 19.) Oral argument was heard February 4, 2011, and the matter was taken under advisement.

Defendant contends that the language of the first sentence quoted above puts her in the position of having to defend against unknown amounts, unfairly prejudices her by implying she is guilty of crimes the government is not obligated to prove, and is surplusage because the statement is not information the government needs to prove at trial. Defendant further contends that the second sentence, which lists the total

prescriptions allegedly written by Defendant, is misleading because it is not a summary of the dosage units listed in the actual counts of the indictment and because it implies that all of the prescriptions written by Defendant were illegal and without legitimate medical purpose. (Doc. 18.)

As to the first sentence, the government argues that simply because it is prejudicial does not mean it is surplusage. Moreover, the government asserts that the sentence is accurate. As to the second sentence, citing Rule 401 of the Federal Rules of Evidence and *United States v. DeBoer*, 966 F.2d 1066, 1069 (6th Cir. 1992),[1] the government responds that the total number of dosage units prescribed is relevant because the large amount makes it more probable than not that Defendant prescribed controlled substances outside the course of a usual medical practice and that she knew it.

## II.    Analysis

### A.    Standards

Under Rule 7(d) of the Federal Rules of Criminal Procedure, the court may strike surplusage from the indictment or information. "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 394-95 (6th Cir. 2001). The Advisory Committee Notes to the rule explain that "[t]his rule introduces a means of protecting the defendant against

---

[1] *DeBoer* involved a challenge to the sufficiency of the evidence presented at trial. The court held that there was sufficient evidence to convict the defendant doctor where the defendant's pharmacy "distributed abnormally large amounts of Tussend and that 80% of these were written by [the defendant]," along with evidence that other pharmacists would not honor the defendant's prescriptions and that a supplier refused to continue future shipments because of the excessive orders placed, which could put the supplier at risk of violating DEA regulations. Although the case may be relevant, it was decided in the context of trial, not a motion to strike surplusage, and is therefore not on all fours with the issue presented here.

immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). Language is "unduly prejudicial if the language 'serves only to inflame the jury, confuse the issues, and blur the elements necessary for conviction[.]'" *United States v. Prejean*, 429 F. Supp. 2d 782, 796 (E.D. La. 2006) (finding that description of "street" uses of drugs was not inflammatory, confusing or prejudicial) (quoting *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)).

A "court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial." *United States v. Hedgepeth*, 434 F.3d 609, 612 (3rd Cir. 2006). "Logic demands the conjunctive standard: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion." *Id*. Therefore, "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 558, 562, n.2 (6th Cir. 1989)).

The striking of surplusage from an indictment does not constitute an amendment of the indictment that would render it void absent a new grand jury return. *United States v. Miller*, 471 U.S. 130, 144, 105 S. Ct. 1811, 85 L. Ed. 2d 99 (1985).

**B.      Application**

**1.      First Contested Sentence**

As to the first sentence, which states that "[t]hese and other similar illegal controlled substance distributions too numerous to list were accomplished by the writing of prescriptions[,]" (Doc. 1 ¶ 3), I find this language to be irrelevant, immaterial, and unduly prejudicial under the standards set forth above, and therefore conclude that it should be stricken as surplusage. In *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989), the court struck the terms "among other things," "among others," "among," "at least," "including," and "including but not limited to" because these "terms could improperly indicate to a jury that defendants were charged with offenses and conduct in addition to those actually listed in the indictment." *Id. Accord United States v. Brighton Bldg. & Maintenance Co.,* 435 F. Supp. 222, 230-31 (D.C. Ill. 1977) (striking as surplusage the terms "at least" and "among others" because such language "serves no useful purpose and allows the jury to draw the inference that the defendant is accused of crimes not charged in the indictment").

Similar reasoning applies here to the language that "these and other similar controlled substance too numerous to list were accomplished . . . ." Therefore, the Court finds that this language must be stricken. In addition, the language "too numerous to list" serves no useful purpose and has the distinct potential to inflame the jury into believing that Defendant has committed many more crimes than those charged. I further conclude that the final phrase of the sentence, which states that this was accomplished "by the writing of prescriptions," is superfluous, since the indictment makes clear that prescriptions were written. Therefore, the Court finds this entire sentence to be

4

surplusage and therefore Defendant's motion to strike is granted with regard to this sentence.

### 2. Second Contested Sentence

As to the contested sentence listing the total number of prescriptions allegedly written by Defendant Buck from 2006-2009, I conclude that this information is relevant, is not unduly prejudicial and any argument as to the weight of that evidence should be presented and tested at trial, not in a motion such as this. In a similar case, U.S. District Judge Robert Cleland denied a motion to strike surplusage, explaining that "the language of which Defendant complains relates to the overall volume of Defendant's medication purchases and prescriptions, which is certainly relevant to the charges that Defendant unlawfully prescribed controlled substances." *United States v. Bilyeu*, No. 05-80710, 2006 WL 680862, at *2 (E.D. Mich. Mar. 16, 2006); *accord United States v. El-Silimy, M.D.*, 228 F.R.D. 52, 59 (D. Me. 2005) (denying motion to strike as surplusage statistics that the defendant argued "apply primarily to 441 surgeries which are not alleged to have been medically unnecessary are immaterial and irrelevant to the 13 surgeries which are the subject matter of the indictment" because that information was "clearly relevant to the question whether the 13 surgeries were medically necessary" and noting that "the weight of such evidence is a matter for exploration at trial, not in connection with a motion to strike surplusage from an indictment"). Therefore, this language will not be stricken and Defendant's motion to strike is denied with regard to this sentence.

**III.     Order**

Accordingly, Defendant's Motion to Strike Surplusage is **GRANTED IN PART** and **DENIED IN PART** as follows: the sentence, "These and other similar controlled substance distributions too numerous to list were accomplished by the writing of prescriptions" shall be **STRICKEN** from paragraph 3 on page 2 of the Indictment; in all other regards, the motion is denied.

**IV.     Review**

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                          s/ *Charles E Binder*
                          CHARLES E. BINDER
Dated: February 9, 2011          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Carl Marlinga, and served on District Judge Ludington in the traditional manner.

Date:  February 9, 2011         By    s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder
                                                989-894-8821