UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                        Case Number: 10-20350-BC
v.                                          Honorable Thomas L. Ludington

RUTH ANN BUCK, M.D.,

          Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT, OVERRULING DEFENDANT'S OBJECTION TO JUDGE BINDER'S ORDER ON MOTION TO STRIKE SURPLUSAGE, DENYING DEFENDANT'S MOTION IN LIMINE, GRANTING GOVERNMENT'S MOTION FOR A PSYCHIATRIC OR PSYCHOLOGICAL EXAM, DETERMINING EXCLUDABLE DELAY, CANCELING HEARING, AND SCHEDULING STATUS CONFERENCE</u>**

      Defendant Ruth Ann Buck, a medical doctor, was indicted on thirty-two counts of unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) on June 9, 2010. The indictment provides that Defendant "knowingly, intentionally, and unlawfully distributed, outside the course of professional practice and for no legitimate medical purpose, quantities of schedule II, III and IV controlled substances." The distribution dates alleged in the indictment range from January 3, 2006 to June 11, 2009. For each date and patient, the indictment identifies a specific substance and a quantity. With the exception of a government informant, Sammy Woods, the patients are identified only by their initials. The government has provided the full names of all the patients identified in the indictment through the discovery process.

      There are currently four issues before the Court. First, Defendant's motion to dismiss the indictment for vagueness. Second, Defendant's objection to Magistrate Judge Charles E. Binder's order granting in part and denying in part Defendant's motion to strike surplusage. Third,

Defendant's motion in limine seeking to prohibit the testimony of the government's expert witness. Fourth, the government's motion for a psychiatric or psychological exam pursuant to Federal Rule of Criminal Procedure 12.2(c)(1). Each issue will be addressed below.

## I.

On October 22, 2010, Defendant moved to dismiss the indictment, contending that the grand jury's allegations against her are too vague to give proper notice of the offenses with which she has been charged. Fed. R. Crim. P. 12(b)(3)(B). Defendant contends that the indictment is defective because there are legal and legitimate medical uses for all of the controlled substances identified in the indictment, and the indictment does not identify the extent to which the prescribed quantities exceed legitimate uses. Defendant further contends that the indictment is required to identify the extent to which the prescriptions were excessive for sentencing purposes under *Apprendi v. New Jersey*, 550 U.S. 466 (2000). Finally, defendant contends the indictment is deficient because it identifies the patients who received the controlled substances only by their initials.

In response, the government emphasizes that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and a citation to the statue the defendant is alleged to have violated. Fed. R. Crim. P. 7(c)(1). Accordingly, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The government contends that the indictment in this case meets that burden. The government notes that Defendant has now been provided with the full names of the patients identified in the indictment.

"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). To provide "legally sufficient" notice of the specific charge, "the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.' " *United States v. Maney*, 226 F.3d 660, 663 (2000) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992)). "Generally, the test is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Koehler*, 77 F. App'x 306, 307 (6th Cir. 2003) (citation omitted).

Section 841(a)(1) prohibits the knowing distribution of a controlled substance, unless such distribution is specifically authorized by statute. The parties agree that all of the controlled substances identified in the indictment can legally be distributed, pursuant to a valid prescription issued by a licensed physician for a legitimate medical purpose. *See* 21 C.F.R. § 1306.04(a). A licensed physician engages in conduct prohibited by the statute when she issues a prescription for a controlled substance "outside the usual course of medical practice and for no legitimate medical purpose." *United States v. Johnson*, 831 F.2d 124, 127 (6th Cir. 1987); *see also* 21 C.F.R. § 1306.04(a) ("A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.").

In this case, the first seven counts of the indictment allege that Defendant issued seven prescriptions for controlled substances to an undercover patient "without any significant medical

examination of the patient, knowing that the amounts prescribed were far in excess of the legitimate medical needs of that patient, and despite being informed that the patient was misusing the drugs." The indictment also names the patient, identifies the prescribed substances, and identifies the quantities prescribed. The first seven counts provide proper notice of the offenses charged. The indictment alleges that Defendant issued the prescriptions outside the usual course of medical practice and in quantities for which there is no legitimate medical purpose. There is no legitimate medical purpose for prescriptions the physician knows will be misused, particularly where the physician prescribes amounts that are "far in excess" of any of the patient's medical needs.

The remaining twenty-five counts of the indictment allege that Defendant issued prescriptions for controlled substances to patients identified by their initials. The indictment alleges that the prescriptions were issued "without proper assessment of the patient, without close monitoring to maintain compliance and monitor inappropriate behavior, and knowing that the amounts prescribed were far in excess of the legitimate medical needs of that person." The indictment also identifies the prescribed substances and the quantities prescribed. Counts eight through thirty-two also provide proper notice of the offenses charged. The indictment alleges that Defendant issued the prescriptions outside the usual course of medical practice and in quantities for which there is no legitimate medical purpose. *See United States v. Seelig*, 622 F.2d 207, 211 (6th Cir. 1980) (concluding that an indictment was sufficient where it alleged a pharmacist "distributed controlled substances in violation of § 841(a)(1)," even though it did not specifically allege that the distributions were "outside the usual course of professional conduct").

Defendant contends the indictment is unconstitutionally vague because it does not identify the extent to which the amounts prescribed exceeded the amounts that were medically necessary.

Defendant further contends that because the indictment does not identify the extent to which the prescribed amounts were excessive, it will be impossible to calculate quantities for sentencing purposes. Contrary to Defendant's suggestion, however, by allegedly prescribing an excessive amount, Defendant issued prescriptions outside the usual course of medical practice. By also failing to monitor her patients or thoroughly examine them, the indictment also alleges that the excessive amounts were prescribed for no legitimate medical purpose. That is, even if the patients had a legitimate medical need for some of the prescribed medications, because Defendant allegedly wrote the prescriptions for an excessive amount and without sufficient examination or monitoring of the patients, the prescriptions were issued in violation of the statute. Accordingly, if a prescription was invalid, the entire amount prescribed may be considered for sentencing purposes even if a smaller amount could have been legally prescribed.

Defendant's final contention is that the indictment does not identify the amounts with sufficient specificity to satisfy the *Apprendi* rule. In *Apprendi*, the Supreme Court concluded that "[o]ther than the fact of a prior conviction, any fact that increases the prescribed statutory maximum must be [identified in the indictment,] submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant contends that because the indictment does not identify the specific amount, and if convicted her sentence will be based in part on the amount she is found responsible for, the indictment violates the *Apprendi* rule.

As the government emphasizes in response, *Apprendi* is concerned only with the maximum sentence identified in the statute. In this case, the maximum is twenty years. As long as Defendant's ultimate sentence is less than twenty years, it can vary up and down based on evidence presented at the sentencing hearing.

## II.

On December 22, 2010, Defendant moved to strike two sentences from the indictment, contending that the sentences were prejudicial and nonessential. *See United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). The sentences, which appear in paragraph three of the indictment, provide:

> These and other similar illegal controlled substance distributions too numerous to list were accomplished by the writing of prescriptions. From January 2006, until July 2009, defendant prescribed approximately 712,395 dosage units of Vicodin (acetaminophen hydrocodone bitartrate), 224,103 dosage units of OxyContin (oxycodone), 182,285 dosage units of Xanax (alprazolam), 145,657 dosage units of morphine sulfate, 133,302 dosage units of methadone hydrochloride, and 129,810 dosage units of Dilaudid (hydromorphone hydrochloride).

The motion was referred to Magistrate Judge Charles E. Binder, who granted it in part and denied it in part. Judge Binder struck the first sentence, concluding it is "irrelevant, immaterial, and unduly prejudicial." Judge Binder retained the second sentence, however, concluding it "is relevant, is not unduly prejudicial and any argument as to the weight of that evidence should be presented and tested at trial, not in a motion such as this."

Defendant filed an objection to Judge Binder's order on February 22, 2011. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The government did not object to the order. Defendant contends that the Court should reconsider Judge Binder's decision because it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). She argues that the second sentence should also be stricken because Plaintiff cannot prove that all of the dosage units listed in the sentence were prescribed for an improper purpose. Indeed, the government admits that it has no intention of proving that all of the dosage units listed

were prescribed for an improper purpose. Defendant contends the information is prejudicial because its introduction will imply that she prescribed all of the dosage units for an improper purpose.

The government, by contrast, argues that it intends to prove Defendant prescribed all of the controlled substances listed in the second sentence. While the government cannot prove they were all prescribed for an improper purpose, the government contends that the overall amounts are nevertheless relevant to the charged offenses. The government argues that Judge Binder correctly concluded that "the overall volume" of the controlled substances prescribed by Defendant, which was abnormally large, tends to show that she was distributing controlled substances without a legitimate medical purpose.

Rule 7(d) permits a district court to strike surplusage from an indictment, but it does not require it. *Kemper*, 503 F.3d at 329. "The Rule is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *Id.* "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989)) (quotations omitted).

Defendant's objection will be overruled because the challenged language is legally relevant and the government intends to prove it at trial. *Moss*, 9 F.3d at 550 (citation and quotations omitted). Judge Binder's decision was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the government emphasizes, the Sixth Circuit has frequently concluded that when "abnormally large" quantities of controlled substances are distributed by medical professionals, it is some evidence that those medical professionals are distributing controlled substances outside the

course of usual medical practice and for no legitimate medical purpose. *United States v. DeBoer*, 966 F.2d 1066, 1069 (6th Cir. 1992); *see also United States v. August*, 984 F.2d 705, 713 (6th Cir. 1992) (concluding a physician's possession of ninety-nine gallons of cough syrup, which was a schedule III controlled substance, was some evidence that he intended to distribute it illegally); *United States v. Mahar*, 801 F.2d 1477, 1488 (6th Cir. 1986) ("The jury could thus have determined that [the defendant pharmacist] knew large amounts of pain medications and weight loss medications were abnormally disproportionate to other drugs distributed and that such drugs were not ordinarily prescribed in such quantities by a doctor or medical clinic."); *United States v. Kirk*, 584 U.S. 773, 781 (6th Cir. 1978) (noting the "large quantities of controlled substances dispensed pursuant to prescriptions issued" by the defendant physician were some evidence that he had conspired with others to distribute the controlled substances); *United States v. Ellzey*, 527 F.2d 306, 1307–08 (6th Cir. 1976) (concluding that district court's admission of evidence of "three suitcases containing 29,000 prescriptions" written by the defendant doctor was permissible on the issues of "intent and wilfulness" where the admission of the evidence was accompanied by a limiting instruction).

    In this case, the government will be permitted to introduce evidence that Defendant prescribed abnormally large quantities of controlled substances compared to other physicians, and to argue that the large number of prescriptions for large quantities of drugs is some evidence that they were written outside the normal course of professional practice and not for a legitimate medical purpose. The government has also stated in their response brief that it intends to introduce such evidence. As a result, there is no reason to strike the challenged language from the indictment. *Moss*, 9 F.3d at 550.

    Notably, the conclusion may have been different if the government intended to introduce the

quantity of controlled substances prescribed by Defendant, both legitimate and illegitimate, without providing any context. The quantity prescribed by Defendant alone is not relevant. An important aspect of the government's proofs will be the context. The quantity of controlled substances prescribed by Defendant was, according to the government, significantly higher than quantities prescribed by other physicians. That she was prescribing significantly more controlled substances is some evidence that the prescriptions were written outside the usual course of medical practice and for no legitimate medical purpose.

### III.

On May 6, 2011, Defendant filed a motion seeking to exclude the testimony of the government's expert witness, Gene Mitchell, M.D. Defendant argues that the "probative value" of Dr. Mitchell's opinion regarding the treatment Defendant provided to her patients "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. In his report, Dr. Mitchell rebuked Defendant's "[w]illful and reckless disregard for patient[] safety and medical conditions in the face of obvious addictive illness." Def.'s Br. at 1.[1] According to Defendant, Dr. Mitchell's strong language will "trick" the jury into concluding that there was no legitimate medical purpose for the medications Defendant prescribed even though, in Defendant's view, the medications were prescribed for a legitimate reason.

Defendant has not demonstrated that the probative value of Dr. Mitchell's testimony would be substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Indeed, there does not seem to be anything "unfairly prejudicial" at all in the portions of Dr Mitchell's report that have

---

[1] Neither party has provided the court a copy of Dr. Mitchell's report, apparently because of concerns about patient confidentiality.

been provided to the Court.  Dr. Mitchell believes that Defendant was prescribing recklessly excessive doses of dangerous and addictive narcotic pain medications, while Defendant believes the prescriptions were necessary to treat chronic pain and addiction.  As the government emphasizes, the jury is to resolve this conflict of fact, not a judge on a pretrial motion.  *See United States v. Lawson*, No. 3:08-21-DCR, 2009 WL 1208014, at *8, (E.D. Ky. May 1, 2009) ("Since the proffered expert's testimony regards evidentiary documents and conclusions that are relevant to the charges being litigated, the only prejudicial effect that might occur is convincing the jurors that defendant committed the crimes of which he is accused. . . .  It does not create unfair prejudice to allow presentation of evidence probative of whether the defendant committed the acts of which he is accused.").

**IV.**

On May 6, 2011, Defendant filed a motion for a psychiatric exam, noting that she is considering raising an insanity defense at trial.  Fed. R. Crim. P. 12.2(a).  The Court construed the motion as a notice of intent to raise an insanity defense under Rule 12.2(a), but declined to order a medical evaluation at government expense.  Defendant is not indigent, and as a result, she is not entitled to retain an expert at government expense.  Defendant may retain an expert if she chooses, and file a notice of her intent to introduce expert evidence of her mental condition under Rule 12.2(b).

On June 3, 2011, the government filed a motion for a psychiatric or psychological exam. Rule 12.2(c)(1)(B) provides that if a defendant files a Rule 12.2(a) notice of intent to raise an insanity defense, "the Court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242."  Accordingly, the government's motion will be granted and a

psychological or psychiatric exam will be ordered.

**V.**

Accordingly, it is **ORDERED** that Defendant's motion to dismiss the indictment for vagueness [Dkt. # 14] is **DENIED**.

It is further **ORDERED** that Defendant's objection to Judge Binder's order on Defendant's motion to strike [Dkt. # 29] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion in limine [Dkt. # 37] is **DENIED**.

It is further **ORDERED** that the government's motion for a psychiatric or psychological exam [Dkt. # 43] is **GRANTED**. Defendant shall submit to an exam by Dr. Craig Allen Lemmen to determine whether she was insane at the time of the offense pursuant to 18 U.S.C. § 4242.

It is further **ORDERED** that the time between the entry of this order and the completion of the report by Dr. Lemmen is excluded for the purpose of computing time under the Speedy Trial Act because the examination is necessary to establish the mental capacity of the Defendant at the time of the crime. 18 U.S.C. § 3161(h)(1)(A).

In is further **ORDERED** that the hearing scheduled for June 8, 2011 at 2:30 p.m. is **CANCELED** based on the Court's determination that additional argument is unnecessary to the resolution of the motions. *See* E.D. Mich. L.R. 7.1(f).

It is further **ORDERED** that an in person status conference will be conducted at the time the hearing was scheduled, June 8, 2011 at 2:30 p.m.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: June 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2011.

         s/Tracy A. Jacobs
         TRACY A. JACOBS